1  MCCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
2  Shane G. Smith, #272630
     *shane.smith@mccormickbarstow.com*
3  Melissa K. Cerro, #304268
     *melissa.cerro@mccormickbarstow.com*
4  7647 North Fresno Street
   Fresno, California 93720
5  Telephone:     (559) 433-1300
   Facsimile:     (559) 433-2300
6
   *Attorneys for Plaintiff,*
7  *ANGRY CHICKZ, INC.,*
   *a California corporation*
8

9

10                    **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

| | |
|---|---|
| 13  ANGRY CHICKZ, INC., a California corporation, | Case No. |
| 14                                              | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| 15             Plaintiff, | |
| 16     v. | |
| 17  BOSPHORUS TRADE, INC., a California corporation doing business as THE ANGRY HOT CHICKEN, and SALIH INCI, a California resident, | **DEMAND FOR JURY TRIAL** |
| 18 | |
| 19            Defendants. | |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1                                        Case No. _____
COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff ANGRY CHICKZ, INC. ("Angry Chickz") complains against Defendants BOSPHORUS TRADE, INC. *doing business as* THE ANGRY HOT CHICKEN ("Bosphorus") and SALIH INCI (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark and trade dress infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California common law arising from Defendants' unauthorized use of Angry Chickz' protected trademarks and trade dress in its competing Nashville hot chicken restaurant in San Jose, California.

**PARTIES**

2. Plaintiff Angry Chickz, Inc. is and, at all times relevant, was a corporation incorporated under the laws of the State of California with a business address at 15301 Ventura Boulevard, Building B, Suite 250, Sherman Oaks, California 91403-6609.

3. Defendant Bosphorus Trade, Inc. *doing business as* The Angry Hot Chicken is and, at all times relevant, was a corporation incorporated under the laws of the State of California with a business address at 1727 Berryessa Road, Suite A, San Jose, California 95133-1172.

4. Defendant Salih Inci is a California resident having an address at 182 Seaside Drive, Milpitas, California 95035.  Upon information and belief, Mr. Inci is the Chief Executive Officer of Defendant Bosphorus.

5. Angry Chickz is informed and believes, and thereon alleges, that each defendant was a principal, agent, or employee of each of the remaining defendants, and, in doing the things herein alleged, was acting as such principal, or within the course and scope of such agency and took some part in the acts and/or omissions set forth in this Complaint.

**JURISDICTION AND VENUE**

**JURISDICTION**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of the fact that this is a civil action for trademark and trade dress infringement under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*

7. This Court has supplemental jurisdiction over Angry Chickz' infringement claims

arising under the California common law pursuant to 28 U.S.C. § 1367.

**DIVISIONAL ASSIGNMENT**

8. This Court has personal jurisdiction over Bosphorus at least by virtue of the fact that Bosphorus incorporated under California law; conducts business in Santa Clara County, California at its restaurant location at 1727 Berryessa Rd., Suite A, San Jose, California 95133-1172; has availed itself of the rights and benefits under California state law through its business dealings in Santa Clara County, California; and has engaged in substantial and continuous contacts in Santa Clara County, California.

9. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and N.D. Cal. Civil L.R. 3-2(e) at least because this is a civil action arising because of Defendants' acts of trademark and trade dress infringement in Santa Clara County, California.

**FACTUAL ALLEGATIONS**

**A. Angry Chickz Distinctive Trademarks and Trade Dress**

10. Beginning in the Los Angeles area in 2018, Angry Chickz has continuously operated a distinctive style of fast-casual restaurants featuring Nashville hot chicken dishes, sandwiches, and accompanying side dishes such as coleslaw, mac and cheese, and French fries for dine-in or take-out.

11. At least as early as November 9, 2018, Angry Chickz has continuously operated its Nashville hot chicken restaurants under the trade name and mark ANGRY CHICKZ as well as related design and word marks.

12. Angry Chickz currently owns, operates, and/or franchises 23 ANGRY CHICKZ restaurants in California, Nevada, and Arizona. Those locations include two restaurants in San Jose, California at 375 Saratoga Avenue, Suite H, San Jose, California 95129-1339 and 3001 Meridian Avenue, San Jose, CA 95124-2455. Angry Chickz continues to expand and plans to open new ANGRY CHICKZ restaurants in additional cities and states within the United States.

13. Angry Chickz and/or its licensees has continuously offered restaurant services under the ANGRY CHICKZ standard character mark in interstate commerce at least as early as November

2018. Over that time, the ANGRY CHICKZ mark has developed substantial goodwill appurtenant to Angry Chickz' Nashville hot chicken restaurants and cuisine, and as a result, Angry Chickz owns strong common law rights in that mark.

14. Beginning in or about 2018, Angry Chickz presented its menu to customers both online and in its restaurants so that its principal dishes were organized into four "combos:" (1) two hot chicken sliders with coleslaw, pickles, and French fries; (2) two hot chicken tenders over white bread with pickles and French fries; (3) one hot chicken slider and one chicken tender over white bread, coleslaw, pickles, and French fries; and (4) two hot chicken tenders over rice topped with coleslaw and pickles. An example from Angry Chickz' restaurant location at 375 Saratoga Avenue in San Jose, California taken on April 8, 2023 is as follows:



15. Beginning in or about 2018, Angry Chickz presented its menu to customers both online and in its restaurants adjacent to a stylized image of a thermometer conveying the "heat" customers would experience by various concentrations of spice, as measured by six "levels:" (1) Country (No Heat); (2) Mild (Light Spice); (3) Medium (Perfect Heat); (4) Hot (Feel The Burn); (5) X-Hot (Call 911); and (6) Angry (Sign A Waiver).

16. An example of the thermometer graphic shown on Angry Chickz' website homepage (*angrychickz.com*) with its "PICK YOUR HEAT" banner is as follows:

[Thermometer graphic: PICK YOUR HEAT — ANGRY: SIGN A WAIVER; X-HOT: CALL 911; HOT: FEEL THE BURN; MEDIUM: PERFECT HEAT; MILD: LIGHT SPICE; COUNTRY: NO HEAT]

17. Beginning in or about 2018, Angry Chickz has furnished and decorated its restaurants so that they present a distinctive image to customers. For example, the walls of Angry Chickz' restaurants utilize solid white, black, and red colors interspersed with cartoonish murals, often incorporating themes of cartoon chickens and an appreciation for Nashville hot chicken cuisine. Light-colored wood dining tables at Angry Chickz' restaurants combine with red metal chairs, which sit on a complementary wood-grained styled flooring. The painted black ceiling immediately draws the eye front and center to the clean and simple menu description, incorporating the 4 combination options, with associated images of the meal, heat/flavor thermometer in escalating heat descriptions, drinks, sides, bowl options, and associated pricing. In addition, the customer can easily see the kitchen areas, which are partially open so that customers can see and smell Angry Chickz' dishes coming together. Upon entry, customers are greeted by staff members wearing a signature black t-shirt, black pants, and read or black apron  This distinctive "look and feel" of Angry Chickz' restaurants can be found, for example, at its 375 Saratoga Avenue and 3001 Meridian Avenue locations in San Jose, California.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5                              Case No. _____
COMPLAINT FOR TRADEMARK INFRINGEMENT

18. Beginning in or about December 2018, Angry Chickz began using the trademark ANGRY MAC as an indicator of the source of its prepared dish featuring mac and cheese, among other ingredients. Over that time, the ANGRY MAC mark has developed substantial goodwill appurtenant to Angry Chickz' Nashville hot chicken restaurants and cuisine, and as a result, Angry Chickz owns strong common law rights in that mark.

19. Beginning in or about December 2018, Angry Chickz began using the trademark ANGRY FRIES as an indicator of the source of its prepared dish featuring French fries, among other ingredients. Over that time, the ANGRY FRIES mark has developed substantial goodwill appurtenant to Angry Chickz' Nashville hot chicken restaurants and cuisine, and as a result, Angry Chickz owns strong common law rights in that mark.

20. Angry Chickz owns United States Trademark Registration Nos. 6685792 and 6742953 claiming a yellow chicken design associated with Angry Chickz' restaurant business and cuisine at least since November 9, 2018. Each such registration is valid and subsisting.

21. Since in or about 2018, counter employees who work at ANGRY CHICKZ branded restaurants, or most of them, wear uniforms that exhibit the ANGRY CHICKZ marks and/or associated design and word marks.

22. Angry Chickz has, since at least as early as November 2018, expended considerable time, effort, and money in promoting its ANGRY CHICKZ brand. Angry Chickz uses its ANGRY CHICKZ and related design and word marks on interior and exterior signage at its restaurants, on its menus, meal packaging, advertising, promotional and publicity materials, on its website *www.angrychickz.com*, and on its Facebook, Instagram, and Yelp social media platforms.

23. Due to the widespread availability of ANGRY CHICKZ restaurants, the quality of Angry Chickz' restaurants and cuisine, and Angry Chickz' widespread and comprehensive advertising and publicity campaigns, the ANGRY CHICKZ marks have gained substantial fame among consumers of Nashville hot chicken-style food. As a result, the ANGRY CHICKZ marks are easily recognized, well-known, and famous in California, Nevada, Arizona, and other places within the United States. The ANGRY CHICKZ marks thus represent substantial goodwill and hold considerable value to Angry Chickz, and are a key factor in the ongoing success of Angry Chickz'

fast-casual restaurant and franchise business.

**B.    Bosphorus' Infringing Uses Of Trademarks And Trade Dress That Are Likely To Cause Consumer Confusion With The ANGRY CHICKZ Marks**

24.    Defendant Bosphorus owns and operates at least one fast-casual restaurant under the name THE ANGRY HOT CHICKEN featuring Nashville hot chicken dishes, sandwiches, and accompanying side dishes such as coleslaw, mac and cheese, and French fries for dine-in or take-out. That restaurant is located at 1727 Berryessa Road, Suite A, San Jose, California 95133-1172. Upon information and belief, Bosphorus' 1727 Berryessa Road location is located less than 10 miles from Angry Chickz' restaurant at 375 Saratoga Road in San Jose, California.

25.    Bosphorus displays its ANGRY HOT CHICKEN mark and associated designs on signage exterior and interior to its 1727 Berryessa Road restaurant, on containers for its food products, in advertising, in its domain name *www.theangryhotchicken.com* and its website located at that top-level domain, on its Facebook, Instagram, and Yelp pages, and on other publicity and promotional materials distributed in connection with Bosphorus' operation of its ANGRY HOT CHICKEN restaurant.

26.    Bosphorus has, at all times relevant, presented its menu to customers both online and in its restaurants so that its principal dishes were organized into four "combos:" (1) two chicken tenders served on white bread with French fries and pickles; (2) two chicken sliders served with coleslaw, pickles, and French fries; (3) one chicken tender and one chicken slider served with French fries; and (4) two chicken tenders served with mac and cheese and French fries. An example from Bosphorus' restaurant location at 1727 Berryessa Road in San Jose, California taken on April 8, 2023 is as follows:



27. Upon information and belief, Bosphorus has, at all times relevant, prepared its menu items so that they are presented to customers in a manner that approximates Angry Chickz' prepared foods, including, for example, by placing sauce drizzle in an alternating pattern across the chicken fingers in its slider sandwiches as shown below:

 

**Angry Hot Chicken Slider**            **Angry Chickz Slider**

28. Bosphorus has, at all times relevant, presented its menu to customers both online and in its restaurants adjacent to a stylized image of a thermometer conveying the "heat" customers would experience by various concentrations of spice, as measured by five "levels:" (1) Country (No Heat), (2) Medium (Light Spice), (3) Hot Shot (Perfect Heat), (4) Extra Hot (Feel The Burn), and (5) Reaper (Sign Waiver). An example of the thermometer posted to The Angry Hot Chicken Facebook page on or about June 11, 2023, alongside its menu options, is as follows:



29. In both its online and in-store menus, Bosphorus sells and offers to sell its two chicken tenders served over French fries under the name ANGRY FRIES.

30. In both its online and in-store menus, Bosphorus sells and offers to sell its chicken with mac and cheese under the name ANGRY MAC.

31. Bosphorus has furnished and decorated its 1727 Berryessa Road restaurant in order to utilize solid white, black, and red colors interspersed with cartoonish murals, often incorporating themes of cartoon chickens and an appreciation for Nashville hot chicken cuisine. Light wood-colored dining tables at Bosphorus' restaurant combine with the exact same style of red metal chairs used in Angry Chickz' restaurants. In addition, Bosphorus' restaurant has a wood-grained styled flooring and painted black ceiling. The menu, incorporating the four described combos above is large, and centered on the wall of a partially open kitchen. The menu itself displays images of the combination plates above escalating heat level imagery, describing the various chicken heat flavor levels. The only other written items on the menu are sides and drinks, along with corresponding prices. Customers can easily see the kitchen areas and staff who wear a uniform wear one comprised of a branded, black t-shirt, black pants, and a black or red apron.

32. Bosphorus' use of the confusingly similar trade name and mark ANGRY HOT CHICKEN appurtenant to its Nashville hot chicken restaurant in San Jose, California and online is likely to confuse consumers as to the source, sponsorship, or affiliation of its restaurant services and food items in view of Angry Chickz' strong, distinctive, and famous ANGRY CHICKZ marks.

33. Bosphorus' use of the confusingly similar trade name and mark ANGRY FRIES appurtenant to its food items featuring French fries is likely to confuse consumers as to the source, sponsorship, or affiliation of its restaurant services and food items in view of Angry Chickz' strong, distinctive, famous, and identically-branded ANGRY FRIES goods.

34. Bosphorus' use of the confusingly similar trade dress associated with its 1727 Berryessa Road restaurant and online platforms such as *www.theangryhotchicken.com* is likely to confuse consumers as to the source, sponsorship, or affiliation of its restaurant services and food items in view of Angry Chickz' strong and famous trade dress that is inherently distinctive and/or has acquired distinctiveness, as described herein.

35. Defendants' activities described above occurred and occur without Angry Chickz' permission or consent.

36. Defendants' activities are willful as shown by its blatant and ongoing infringement of Angry Chickz' trademarks and trade dress since at least 2022 despite being aware of Angry Chickz' protectable rights and the continuous operation of Angry Chickz' restaurants, including Angry Chickz' 375 Saratoga Avenue and 3001 Meridian Avenue locations within the vicinity of the 1727 Berryessa Avenue location of The Angry Hot Chicken, Mr. Inci's response to Angry Chickz' initial cease and desist letter in November 2022, and multiple online posts made by Mr. Inci prior to the filing of this Complaint that demonstrate his knowledge of Angry Chickz, among other things.

37. Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm to both Angry Chickz and its customers, who have an interest in searching for Nashville hot chicken restaurants and associated goods and services without confusion, mistake, and deception.

38. Angry Chickz has no adequate remedy at law and will be irreparably harmed if

Defendants are permitted to continue to use the ANGRY HOT CHICKEN and ANGRY FRIES marks and associated trade dress, as described herein, in the United States in connection with its products and services.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1125)

### (Against All Defendants)

39. For its first cause of action, Angry Chickz incorporates by reference, as through fully stated herein, paragraphs 1-38 above.

40. Angry Chickz' ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as its associated trade dress described herein, are inherently distinctive and/or have acquired distinctiveness.

41. Moreover, Angry Chickz' asserted trade dress is not functional.

42. Angry Chickz owns protectable common law rights in the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as its associated trade dress described herein, after having invested significant effort and funds continuously over a period of years in the marketing and promoting its restaurant services and food items in the United States under those marks and/or trade dress.

43. By misappropriating, using, and copying the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as its associated trade dress as described herein, Defendants, collectively and individually, misrepresent and falsely describe to consumers the origin, sponsorship, or approval of their goods and services.

44. Defendant Bosphorus's use of the ANGRY HOT CHICKEN mark and associated trade dress, as described herein, in connection with the sale, advertising, offer for sale, and marketing of its Nashville hot chicken restaurant and associated food items in the United States is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Defendant's goods and services, on the one hand, and Angry Chickz' goods and services on the other hand, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

45. Upon information and belief, as the Chief Executive Officer of the closely-held

corporation Bosphorus Trade, Inc., Defendant Mr. Inci authorized and/or directed, and so is personally liable for, his company's infringements of Angry Chickz' trademarks and trade dress as described herein.

46. As a direct and proximate result of the foregoing acts by Defendants, Angry Chickz has suffered and will continue to suffer monetary damages in an amount that will be established at trial but presently estimated at $250,000.00 USD per year.

47. Upon information and belief, Defendants' acts were in conscious and willful disregard of Angry Chickz' rights, and the resulting damage to Angry Chickz is such as to warrant the trebling of damages in order to provide just compensation.

48. Defendants' infringement described herein also irreparably harms Angry Chickz, and there is no adequate remedy at law. The balance of equities and the public interest weigh in favor of enjoining Defendants' further use of the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as Angry Chickz' associated trade dress as described herein.

## SECOND CAUSE OF ACTION

**(Trademark Infringement Under California Common Law)**

**(Against All Defendants)**

49. For its second cause of action, Angry Chickz incorporates by reference, as through fully stated herein, paragraphs 1-48 above.

50. Angry Chickz' ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as its associated trade dress described herein, are inherently distinctive and/or have acquired distinctiveness.

51. Moreover, Angry Chickz' asserted trade dress is not functional.

52. Angry Chickz owns protectable common law rights in the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as its associated trade dress as described herein, after having invested significant effort and funds continuously over a period of years in the marketing and promoting its restaurant services and food items in the United States under those marks and/or trade dress.

53. By misappropriating, using, and copying the ANGRY CHICKZ, ANGRY FRIES,

and ANGRY MAC marks, as well as its associated trade dress described herein, Defendants, collectively and individually, misrepresent and falsely describe to consumers the origin, sponsorship, or approval of their goods and services.

54. Defendant Bosphorus's use of the ANGRY HOT CHICKEN mark and associated trade dress, as described herein, in connection with the sale, advertising, offer for sale, and marketing of its Nashville hot chicken restaurant and associated food items in the United States is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Defendant's goods and services, on the one hand, and Angry Chickz' goods and services on the other hand, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

55. Upon information and belief, as the Chief Executive Officer of the closely-held corporation Bosphorus Trade, Inc., Defendant Mr. Inci authorized and/or directed, and so is personally liable for, his company's infringements of Angry Chickz' trademarks and trade dress as described herein.

56. As a direct and proximate result of the foregoing acts by Defendants, Angry Chickz has suffered and will continue to suffer monetary damages in an amount that will be established at trial but presently estimated at $250,000.00 USD per year.

57. Upon information and belief, Defendants' acts were in conscious and willful disregard of Angry Chickz' rights, and the resulting damage to Angry Chickz is such as to warrant the trebling of damages in order to provide just compensation.

58. Defendants' infringement described herein also irreparably harms Angry Chickz, and there is no adequate remedy at law.  The balance of equities and the public interest weigh in favor of enjoining Defendants' further use of the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC marks, as well as Angry Chickz' associated trade dress as described herein.

## JURY DEMAND

Angry Chickz demands a trial by jury on all causes of action and defenses so triable.

## PRAYER FOR RELIEF

WHEREFORE, Angry Chickz respectfully prays that this Court enter judgment in its favor and against Bosphorus and Mr. Inci as follows:

1. For a judgment against Defendants for direct and consequential damages in an amount according to proof but presently estimated at $250,000.00 USD per year;

2. For pre-judgment interest on all damages;

3. For punitive and exemplary damages in an amount appropriate to punish or set an example of Bosphorus Trade, Inc. and Mr. Inci as determined at trial;

4. For an order of restitution against Defendants;

5. Preliminary and permanent injunctive relief to prevent Defendants, individually and collectively, from using the trademarks, service marks, and trade dress in the United States in connection with its goods and services that is confusingly similar to Angry Chickz' trademarks, service marks, and trade dress;

6. A monetary award for corrective advertising in an amount to rectify all harm and the damages to Angry Chickz including, but not limited to, the confusion caused by willful actions of Defendants such as its willful trademark infringement of the ANGRY CHICKZ, ANGRY FRIES, and ANGRY MAC trademarks, and associated trade dress as described herein;

7. Attorneys' fees, witness fees, and the costs of litigation incurred by Plaintiffs, as applicable, including under 15 U.S.C. § 1117;

8. For costs of suit incurred herein; and

9. For such other and further relief the Court may deem just and proper.

Respectfully submitted,

Dated: July 18, 2023                              McCORMICK, BARSTOW, SHEPPARD,
                                                  WAYTE & CARRUTH LLP


                                        By:      */s/ Shane G. Smith*
                                                      Shane G. Smith
                                                      Melissa K. Cerro
                                                 *Attorneys for Plaintiff,*
                                        *ANGRY CHICKZ, INC., a California corporation*

039679-000000 9104763.3